# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOJO DEOGRACIAS EJONGA,

Appellant,

v.

MICHAEL OBENLAND, superintendent of Monroe Correctional Complex; JAY INSLEE, governor of the state of Washington; BOB FERGUSON, attorney general of the state of Washington,

Respondent.

No. 80709-9-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Ejonga appeals the trial court's denial of his petition for a writ of habeas corpus. He argues his petition should be granted because the State violated the Vienna Convention by failing to notify the Congolese consulate of his arrest and detention. We affirm.

## FACTS

JoJo Ejonga is a citizen of the Democratic Republic of the Congo. On May 11, 2011, the State of Washington charged him with three counts of assault in the first degree, all of which occurred in King County. The State later amended the information to add three counts of attempted murder in the first degree, also occurring in King County.

On May 23, 2011, the State presented Ejonga with a notice of his right under the Vienna Convention[1] to have his consulate notified of his arrest and detention. The notice provided two places for signature. The first, entitled "Defendant's Acknowledgment and Waiver of Immediate Consular Notification," stated that the defendant acknowledged his right to have his consulate notified, but waived the right. The second, entitled, "Defendant's Acknowledgement and Request for Immediate Consular Notification," stated that defendant acknowledged his right to have his consulate notified and requested the State notify the appropriate consulate. Ejonga did not sign either section. Rather, somebody wrote "refused to sign" in the signature block in the "waiver" section. Ejonga does not claim to have ever asked the State to notify the Congolese consulate of his arrest and detention.

A jury found Ejonga guilty of three counts of attempted murder in the first degree while armed with a deadly weapon for all three counts. The court sentenced him to 792 months of confinement. The judgment and sentence was filed on April 19, 2013. This court affirmed the conviction on May 26, 2015. State v. Ejonga, No. 70069-3-I, slip op. at 14 (Wash. Ct. App. May 26, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/700693.pdf. Our Supreme Court denied his petition for review. This court's mandate issued on February 5, 2016.

---

[1] Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36(1)(b), 21 U.S.T. 77 (entered into force for the United States Dec. 24, 1969).

On August 8, 2019, Ejonga filed a petition for writ of habeas corpus in Snohomish County Superior Court. He alleged that the State failed to inform him of his right under the Vienna Convention to have the consulate of his home county notified of his arrest and detention. The State countered that he had been notified of his rights on May 23, 2011. Ejonga then argued that, because he had not waived his rights under the convention, the State was obliged to notify his consulate and failed to do so. The court denied his petition.

Ejonga appeals.

DISCUSSION

Ejonga argues that his conviction is invalid because the State was required under Article 36 of the Vienna Convention to notify his consulate of his arrest and detention and failed to do so. The State argues that his petition is time-barred under RCW 7.36.130 and RCW 10.73.090.[2] Ejonga argues that applying this time-bar to his petition violates the petition clause of the First Amendment and the privileges and immunities, and equal protection clauses of the Fourteenth Amendment.

---

[2] Ejonga's petition for a writ of habeas corpus is governed by chapter 7.36 RCW. RCW 7.36.010. RCW 7.36.130 and RCW 10.73.090 mandate that such petitions be filed within one year from the date the appellate court issues its mandate disposing of a timely direct appeal of the conviction. RCW 10.73.100 outlines several exceptions to this requirement.

The mandate in this case issued on February 5, 2016. Ejonga was therefore required to submit his petition for a writ of habeas corpus by February 5, 2017. Ejonga does not argue that any of the exceptions in RCW 10.73.100 apply to his petition. He filed the petition at issue on August 8, 2019. His petition is therefore untimely. Ejonga does not dispute this timeline.

However, we need not reach the time-bar issue and constitutional counter-arguments, because the record is clear that his underlying claim for relief is without merit.

Ejonga seeks a writ of habeas corpus on the ground that the State violated his rights under the Vienna Convention by failing to notify the Congolese consulate of his arrest and detention. Article 36(1)(b) of the Vienna Convention provides, "<u>if he so requests</u>, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State" if a national of the sending state is arrested or detained. It further provides that "[t]he said authorities shall inform the person concerned without delay of his rights." <u>Id.</u>

Ejonga originally claimed below that he was not informed of his right to consular notification. After the State produced proof that he had, in fact, been notified, he modified his argument to claim that because he had not waived his right to notification, the State was obliged to notify the Congolese consulate. He brings that same argument on appeal.[3]

---

[3] Ejonga initially conceded that the State had served his counsel with the notification of his Vienna Convention rights on May 23, 2011. In his reply brief, Ejonga indicated that he "never conceded" that the document was a notification of his rights. Ejonga instead says that he only ever admitted that the "so called document . . . appear[s] to be a notice," and that he is "reluctant to give credit to the document in question." Importantly, Ejonga does not dispute that he was presented with the document on May 23, 2011. The document is entitled "Vienna Convention and Bilateral Treaty Notification, Acknowledgment, and Waiver or Request." It specifically informs of the right to consular notification and allows the detainee to request such notification. Ejonga's refusal to concede does not change the fact that the document clearly advised him of his rights under the Vienna Convention.

The plain language of the treaty requires the State to notify the consulate only if the detainee so requests. Id. The Supreme Court has interpreted the language to require a request from the detainee. Sanchez-Llamas v. Oregon, 548 U.S. 331, 338-39, 126 S. Ct. 2669, 165 L. Ed. 2d 557 (2006) ("In other words, when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee's home country, if the detainee so requests."). Ejonga cites no case law to contradict the plain requirements of the treaty. He also does not claim that that he ever requested consular notification. The State was therefore under no obligation to inform the Congolese consulate of his arrest, and no violation of the Vienna Convention has occurred.

We affirm.

_Appelwick, J._

WE CONCUR:

_Andrus, A.C.J._

5